# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

  v.

**THOMAS M GOUGH,**

        **Defendant.**

Case No. 2:20-CR-00007-ALM
**CHIEF JUDGE ALGENON L. MARBLEY**
Magistrate Judge Jolson

## ORDER

This matter is before the Court on Defendant's First Motion to Amend Pretrial Conditions (Doc. 21). Specifically, Defendant seeks to have contact with his girlfriend, Tricia Kincaid. (*Id.* at 1). The Court previously prohibited contact with Ms. Kincaid as a condition of Defendant's release. (Notation Order, Jan. 14, 2020).

Defendant seeks a modification because Ms. Kincaid is pregnant with their child; her pregnancy is high risk; and she is homeless. (Doc. 21 at 1). Defendant "is very concerned" about her well-being and wants to care for her and provide a place for her to stay. (*Id.*).

The United States opposes the Motion. (Doc. 23). Noting the circumstances that led to Defendant's arrest, the United States wrote:

> On December 25, 2019, the Zanesville Police Department (ZPD) dispatched officers to a residence located at 1030 Blue Avenue, Zanesville, Ohio 43701 to check the welfare of an occupant after receiving communications that an individual inside the residence may need help. ZPD officers arrived at the residence but were unable to make contact with anyone at the location and left the area. Following the attempted contact, law enforcement continued to have contact with the individual who stated that [she] needed help at the above-listed location. The individual

> additionally stated that Thomas GOUGH was present in the residence and [she was] afraid that GOUGH was going to hurt or kill someone inside the residence. ZPD officers observed a photograph of Thomas GOUGH, then returned to the residence and attempted to make contact. As officers knocked on the door of the residence, they observed a female come into view inside the residence then quickly disappear within the residence. As officers continued knocking, they observed Thomas GOUGH standing just on the other side of the door. Officers had contact with GOUGH, who refused to open the door. Officers then made entry into the residence and detained GOUGH. Officers proceeded to clear the residence and encountered additional residents inside the house, including one female, believed to be GOUGH's girlfriend, from an upstairs bedroom determined by officers to be GOUGH's bedroom, and one male and one female from an additional upstairs bedroom.

(Doc. 23 at 2). In short, the United States believes that, based upon the 911 call, Ms. Kincaid genuinely feared for her safety. Additionally, the United States notes Defendant's criminal history.

Given these differing views, the Undersigned requested Defendant's Pretrial Services Officer to weigh in. She opposes modification of Defendant's conditions of release:

> [A]lthough Mr. Gough has undergone an assessment at Integrated Behavioral Health Services on February 19, 2020, and attended one appointment thereafter, this officer does not believe he has been in treatment for a sufficient period of time to properly assess his progress. Additionally, as the Court is aware, a copy of the police report detailing the underlying incident which brought forth the aforementioned charge in this Court was made available to Pretrial Services. Overall, this officer believes the content of that report is highly concerning in assessing Mr. Gough's danger to others in the community, specifically Ms. Kincaid. This officer would note, such concern is greater at this time considering she is pregnant with a child and the pregnancy is considered to be high-risk. Furthermore, as the Court is aware in the Pretrial Services Report, Mr. Gough has a documented criminal history containing charges and convictions for violent offenses.
>
> Based on his lack of significant time in treatment, the underlying incident in this case, and history of charges and convictions for violent offenses, this officer would oppose Mr. Gough having any direct or indirect contact with Ms. Kincaid. This officer would respectfully recommend the no contact order remain in place for Jaime Christine Smith, Kaylob Gough, and Tricia S. Kincaid to reasonably assure their safety in the community.

(Doc. 24)

Because of the underlying incident, which brought Defendant to this Court; Defendant's criminal history; and his short time in counseling, the Motion is DENIED. If Defendant continues treatment for a meaningful amount of time, the Undersigned will consider a renewed request.

IT IS SO ORDERED

Date: March 11, 2020 /s/Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE